# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SEVENSTARS, INC. and HAROLD A. MEYER, | |
| Plaintiffs, | No. C05-0026-LRR |
| vs. | **ORDER** |
| BLIMPIE INTERNATIONAL, INC., | |
| Defendant. | |

## *I. INTRODUCTION*

This matter comes before the court pursuant to Plaintiffs' Motion to Remand (docket no. 7) and pursuant to Defendant's Motion to Transfer (docket no. 10). Both Motions are resisted. Neither party has requested oral argument on its Motion. The court will therefore decide the Motions based upon the arguments and authorities presented in the parties' briefs.

## *II. BACKGROUND*

On January 18, 2005, Plaintiffs filed an Application for Stay of Arbitration against Defendant in the Iowa District Court in and for Marshall County. On February 9, 2005, Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(b), asserting this court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff Sevenstars, Inc. ("Sevenstars") is incorporated under the laws of the State of Iowa and has its principal place of business in Hardin County, Iowa. Plaintiff Harold A. Meyer ("Meyer") is a resident of Hardin County, Iowa. Defendant Blimpie International, Inc. is incorporated under the laws of the State of New Jersey with its principal place of business in Georgia.

Defendant alleges the amount in controversy exceeds $75,000. On March 8, 2005, Sevenstars filed the instant Motion to Remand this matter to state court, arguing Defendant removed the action to the improper venue under 28 U.S.C. § 1441(a). Sevenstars asserts the district court of the United States which "embraces the place where the action is pending" is the Southern District of Iowa. On March 9, 2005, Meyer filed a motion to join in Sevenstars' Motion to Remand. On March 22, 2005, Defendant resisted Plaintiffs' Motion to Remand and also filed the instant Motion to Change Venue, asking that the court transfer this case to the United States District Court for the Southern District of Iowa under 28 U.S.C. § 1406(a) because such transfer would be in the interest of justice. Plaintiffs filed their resistance to Defendant's Motion on April 4, 2005.

### III. LEGAL ANALYSIS

In this case, the state court in which Plaintiffs originally filed their Application to Stay Arbitration is the Iowa District Court in and for Marshall County. Thus, Defendant should have removed Plaintiffs' cause of action to the United States District Court for the Southern District of Iowa, Central Division, which is the "district and division" which embraces Marshall County. Plaintiffs assert removal to the improper district and division is a jurisdictional defect and therefore the court should remand the case to state court. Defendant argues in response that its failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) is not a jurisdictional defect, rather it is a procedural defect this court can remedy by transferring the case to the United States District Court for the Southern District of Iowa under 28 U.S.C. § 1406(a).

As the United States Supreme Court recognized in *Polizzi v. Cowles Magaines, Inc.*, 345 U.S. 663 (1953), the venue of removed actions is governed by 28 U.S.C. § 1441(a) and not by the general venue statute, 28 U.S.C. § 1391. *Id*. at 665-66. Thus, under 28 U.S.C. § 1441(a), venue for a removed action is proper in "the district court of the United

2

States for the district and division embracing the place where such action is pending." While the Eighth Circuit Court of Appeals has not addressed the issue, the Fifth Circuit Court of Appeals has held that transfer under 28 U.S.C. § 1406(a) is proper where a defendant has removed the case to the wrong division. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). In *Kreimerman*, the Fifth Circuit Court of Appeals held that, where federal subject matter jurisdiction exists over a removed action, but the defendant fails to remove the action to the district or division mandated by 28 U.S.C. § 1441(a), the district court should transfer the case to the proper district or division under the authority granted to courts in 28 U.S.C. § 1406(a) if it is in the interest of justice. *Id*. This is so, the court opined, because 28 U.S.C. § 1406(a) allows for a case to be transferred to "any district or division in which it could have been brought" if it is in the interest of justice. *Id*. (quoting 28 U.S.C. § 1406(a)). In addition, the Eleventh Circuit Court of Appeals noted in *Peterson v. BMI Refactories, Inc.*, 124 F.3d 1386 (11th Cir. 1997), that "[t]he Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional." *Id*. at 1391 (citing and discussing *Mackay v. Unita Dev. Co.*, 229 U.S. 173 (1913); *Polizzi*, 345 U.S. 663).

The court agrees with the conclusions of the Fifth and Eleventh Circuit Courts of Appeals that removal to a district or division other than the one that "embraces" the place where the state court action is pending does not, in itself, divest a court of federal subject matter jurisdiction where such jurisdiction otherwise exists. Rather, the court has the authority to transfer a cause of action removed to the wrong district or division to the district or division in which the case could have been brought pursuant to 28 U.S.C. § 1406(a), if the transfer would be in the interest of justice. In this case, federal subject matter jurisdiction exists because there is diversity among the parties and there exists more than $75,000 in controversy. *See* 28 U.S.C. § 1332. Neither party disputes the fact that

3

this case should have been removed to the United States District Court for the Southern District of Iowa, Central Division or that the case could have been brought there. Thus, the court has the authority to transfer this action under 28 U.S.C. § 1406(a), if it finds the transfer is in the interest of justice. As Defendant points out, remand to state court would deprive Defendant of the right to remove the action to the proper district and division of federal court because more than 30 days have passed since Plaintiffs filed the action in state court. The court finds it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Iowa, Central Division to allow Defendant to realize the benefit of Defendant's timely removal of the action, albeit to the incorrect district court. There is no evidence Defendant purposefully removed the action to the incorrect federal district court, and the court finds it unnecessary to deprive Defendant of its right to proceed in federal court due to an inadvertent procedural error. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962) (stating that purpose of transfer is "that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits"). Accordingly, the Clerk of Court shall transfer this case to the United States District Court for the Southern District of Iowa, Central Division pursuant to 28 U.S.C. § 1406(a).

### IV. CONCLUSION

In light of the foregoing IT IS ORDERED:

1. Plaintiffs' Motion to Remand (docket no. 7) is DENIED.
2. Defendant's Motion to Transfer Venue (docket no. 10) is GRANTED.
3. The Clerk of Court shall transfer this case to the United States District Court for the Southern District of Iowa, Central Division.

**SO ORDERED.**

**DATED** this 23rd day of May, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA